## No. 10,740.

### McClelland v. Leahy, Executor.

Decided June 2, 1924.   Rehearing denied July 7, 1924.

Action to set aside execution sale.   Judgment for defendant.

## *Affirmed.*

1. Execution—*Waiver by Judgment Debtor.* Where on motion of defendant to vacate a judgment and recall the execution issued thereon, execution was stayed, and later the parties entered into a written stipulation by the terms of which defendant was to have 90 days to pay the judgment, failing in which it was agreed that plaintiff should be at liberty to proceed as he might be advised, and defendant waived any appeal or writ of error from the judgment, it is held that defendant waived whatever rights he might have had to attack the judgment or execution sale thereunder.

*Error to the District Court of Clear Creek County, Hon. Samuel W. Johnson, Judge.*

Mr. John T. Bottom, Mr. Paul F. Irey, for plaintiff in error.

Messrs. Sabin & McGlashan, for defendant in error.

*Department Three.*

Mr. Justice Sheafor delivered the opinion of the court.

The plaintiff in error, hereinafter designated as defendant, executed to Francis J. O'Connor, promissory notes, aggregating $11,000. Thereafter O'Connor died and at the time of his death, there remained unpaid eleven of the notes, each for the sum of $500. Edgar Leahy, as executor of his estate, and hereinafter designated as plaintiff, instituted suit on seven of the notes in the district court of Clear Creek county, and recovered judgment thereon for the sum of $4,393.45, and costs. The executor also instituted suit and recovered judgment against the defendant

on two of the remaining four notes, for the sum of $1,288, in the county court of Clear Creek county. Still later, and after the agreement between defendant and plaintiff, hereinafter referred to, was entered into, the plaintiff recovered judgment in the county court of Clear Creek county on the two remaining notes.

On December 16, 1920, execution was issued out of the district court on the judgment there rendered, and placed in the hands of Straub, then sheriff of Clear Creek county, and was by him on that date levied upon 328,216 shares of the capital stock of The United Freeland Development and Tunnel Company, standing in the name of the defendant. On December 17, 1920, the defendant filed a motion to set aside the judgment rendered in the district court and applied for, and obtained, an order from the district court recalling and staying the execution until the further order of the court, which order remained in force until September 24, 1921. On the latter date defendant and plaintiff entered into a written stipulation, by the terms of which defendant was to have ninety days from that date in which to pay the amounts of the judgments mentioned, and the amounts of the last two promissory notes which had not then been placed in judgment. In the stipulation it was agreed that during that period of 90 days the plaintiff would not offer for sale any of the property upon which the execution had been levied. The defendant therein agreed that the court might enter an order overruling his motion to vacate the judgment in the district court and to recall and stay the execution, and in the agreement defendant waived the right of any appeal or writ of error from the judgment to be entered therein. It was further stipulated in the agreement that if defendant should fail to pay the judgments, or claims, within the ninety days, the plaintiff should be at liberty to proceed as he might be advised, to collect the judgments.

In January, 1921, Straub retired from office and Harvey succeeded him as sheriff.

Defendant having failed to pay the judgments, or any

part of them, during the ninety day period, Harvey proceeded to sell the shares of stock, levied upon, under the execution delivered to Straub. Three months thereafter defendant instituted this proceeding to set aside the sale. On July 29, 1922, the court denied the relief prayed, from which order defendant prosecutes this writ of error.

The defendant presents, and argues, in his brief, two questions:—(1) That the sheriff's sale was void because the execution under which it was made, was *functus officio,* the sale having been made several months after the expiration of the ninety days from date of its issue, and made by an officer other than the one to whom the execution was delivered. (2) That the court held that defendant's remedy was a suit in equity, and in so holding, erred.

Perhaps we should say that the second contention of defendant has no support in the record, but in our view of the case, we are not required to consider either of these contentions. The execution was recalled on defendant's motion, and he having entered into an agreement with plaintiff that the court might overrule his motion to set aside the judgment and recall the execution, and further, that if he failed to pay as agreed, the plaintiff could proceed as he might be advised, to collect the judgments, we think, in these circumstances, the defendant is in no position to complain. He expressly waived whatever rights he might have had, and waived his right to a writ of error. A diligent search of the record fails to reveal any reason for a reversal of the judgment, and it is therefore affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE CAMPBELL concur.